may or may not be within the powers of the Commonwealth to prove. However, the plea of guilt admits that the facts and intent occurred, and is a confession not only of what the Commonwealth might prove, but also as to what the defendant knows to have happened.

*Id.*, 504 Pa. at 558, 475 A.2d at 1307. Therefore, the Superior Court erred when it looked beyond the guilty plea, to make its own determination as to the sufficiency of the evidence, and concluded that the Commonwealth would have been unable to establish the existence of two conspiracies. Such a conclusion was clearly contrary to the rule of *Anthony.*

Accordingly, I respectfully dissent.

LARSEN and PAPADAKOS, JJ., join in this dissenting opinion.

578 A.2d 407

**In re Nomination Petition of Ralph ACOSTA as Democratic Candidate for Office of Member of the General Assembly for the 180th District Henry T. Kane, Petitioner.**

**Petition of Ralph ACOSTA.**

Supreme Court of Pennsylvania.

Argued May 7, 1990.

Decided May 10, 1990.

Robert J. Mulligan, Jr., Philadelphia, for appellant.

Terrence J. Schade, Herbert W. Salus, Jr., Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER OF COURT

PER CURIAM:

The decision of the Commonwealth Court is reversed. Opinion to follow.

McDERMOTT, J., did not participate in the consideration or decision of this matter.

578 A.2d 407

**In re Nomination Petition of Ralph ACOSTA as Democratic Candidate for Office of Member of the General Assembly for the 180th District.**

**Petition of Henry T. KANE.**

**Appeal of Ralph ACOSTA.**

Supreme Court of Pennsylvania.

Argued May 7, 1990.

Decided Aug. 17, 1990.

